**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


SOMANETICS CORPORATION,

       Plaintiff,

v                                 Case No. 09-cv-13110

CAS MEDICAL SYSTEMS, INC.,       Honorable Sean F. Cox
                                  Magistrate Judge Virginia M. Morgan

       Defendant.

_____/


**CAS MEDICAL SYSTEMS, INC.'S ("CAS") BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE AND MOTION TO DISMISS**

## TABLE OF CONTENTS

Concise Statement of the Issues Presented ........................................................iii

Authority for Relied Sought .......................................................................iv

I.     Introduction .................................................................................1

II.    CAS's Inequitable Conduct Allegations Are Sufficiently Pleaded And Provide Somanetics with Fair Notice Under FRCP 9(b)—Somanetics' Motion Should be Denied .........................................................................................2

       1)    The Agreement ......................................................................4

       2)    The Article .........................................................................7

       3- 4)  The IEEE Article and The TOS 96 Manual ...............................10

       5)    The '235 Patent False Declaration .........................................12

III.   CAS Adequately Pleaded an Intent to Deceive the Patent Office ........................13

IV.   CAS's *Walker Process* Counterclaim is Sufficiently Pleaded And Provides Somanetics with Fair Notice Under FRCP 9(b)—Somanetics' Motion Should be Denied .......................................................................................15

V.    CAS's Sham Litigation Counterclaim is Sufficiently Pleaded And Provides Somanetics with Fair Notice Under FRCP 8(a)—Somanetics' Motion Should be Denied .......................................................................................15

VI.   CAS's Patent Misuse and Unclean Hands Affirmative Defenses are Sufficiently Pleaded And Provide Somanetics with Fair Notice Under FRCP 8(c)— Somanetics' Motion Should be Denied .............................................................16

VII.  Alternatively, CAS Should be Given the Opportunity to Amend its Pleadings ...17

VIII. Conclusion ...............................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*,
    255 F.R.D. 443 (W.D.Mich. 2009)................................................................8, 12-13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .....................................................................................15, 17

*Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*,
    482 F.3d 1347 (Fed. Cir. 2007) ........................................................6, 7- 8, 12, 18

*Dippin' Dots, Inc. v. Mosey*,
    476 F.3d 1337 (Fed. Cir. 2007) ...............................................................................4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. Aug. 4, 2009)............................................................2, 5

*First National Ins. Co. of America v. Camps Services, Ltd.*,
    2009 WL 22861 (E.D.Mich. Jan. 5, 2009) ..........................................................17

*HTC Corp. v. IPCom GMBH & Co., KG*,
    2009 WL 4363206 (D.D.C. Dec. 3, 2009) ......................................5, 8-10, 12, 14

*Li Second Family Ltd. Partnership v. Toshiba Corp.*,
    231 F.3d 1373 (Fed. Cir. 2000) ..............................................................................9

*Molins PLC v. Textron, Inc.*,
    48 F.3d 1172 (Fed. Cir. 1995) ..................................................................6, 10, 14

*Monsanto Co. v. Scruggs*,
    459 F.3d 1328 (Fed. Cir. 2006) ......................................................................16-17

*Nilssen v. Osram Sylvania, Inc.*,
    504 F.3d 1223 (Fed. Cir. 2007) .............................................................................13

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*,
    508 U.S. 49 (1993) ................................................................................................15

*Refact Int'l Ltd. v. Lotus Dev. Corp.*,
    81 F.3d 1576 (Fed. Cir. 1996) ..............................................................................13

*Safeco Ins. Co. of America v. O'Hara Corp.*,
    2008 WL 2558015 (E.D.Mich. June 25, 2008) ...................................................18

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
    537 F.3d 1357 (Fed. Cir. 2008) ......................................................................7

*Synventive Molding Solutions, Inc. v. Husky Injection Molding Systems, Inc.*,
    2009 WL 3172740 (D.Vt. Oct. 1, 2009) .......................................................10, 14

*United States v. Quadrini*,
    2007 WL 4303213 (E.D. Mich. Dec. 6, 2007) ....................................................17

*Westerngeco v. Ion Geophysical Corp.*,
    2009 WL 3497123 (S.D. Tex. Oct. 28, 2009) ................................................5, 8, 12

*Young v. Lumenis, Inc.*,
    492 F.3d 1336 (Fed. Cir. 2007) ......................................................................9

## **Other Authority**

Fed. R. Civ. P. 8(a) ............................................................................................15

Fed. R. Civ. P. 8(c) ............................................................................................16

Fed. R. Civ. P. 9(b) .......................................................................................2-3, 15

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1)      CAS has adequately pleaded the affirmative defenses that the '065 Patent and the

'235 Patent are unenforceable due to inequitable conduct, and that Somanetics'

infringement claims are barred by the doctrine of patent misuse and unclean hands.

CAS's pleading sufficiently identifies the factual basis for these defenses and the Court

may infer an intent to deceive the Patent Office from the facts alleged.  Accordingly, the

challenged affirmative defenses should not be stricken under FRCP 12(f).


2)      CAS's antitrust counterclaims alleging violations of Section 2 of the Sherman Act

adequately state a claim upon which relief may be granted and should not be dismissed

under FRCP 12(b)(6).  CAS has adequately pleaded allegations sufficient to meet the

pleading standards for fraud under FRCP 9(b), and to state a facially plausible claim of an

antitrust violation.


3)      In the alternative, CAS should be granted permission to amend its pleading under

FRCP 15 to correct any deficiencies.

## AUTHORITY FOR RELIEF SOUGHT

Whether a pleading of inequitable conduct is sufficiently pleaded under FRCP 9(b) is governed by the Federal Circuit, and the most recent decision is *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. Aug. 4, 2009).  The sufficiency of a pleading concerning an antitrust claim is governed by the most recent U.S. Supreme Court decision regarding pleadings, which states that there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  If a pleading is found to be insufficient, it is appropriate to grant leave to amend such pleading.  *See United States v. Quadrini*, 2007 WL 4303213, *3, 6 (E.D. Mich. Dec. 6, 2007) (noting that the Sixth Circuit has suggested that striking defenses should be done sparingly); and *Safeco Ins. Co. of America v. O'Hara Corp.*, 2008 WL 2558015 (E.D.Mich. June 25, 2008) (although striking affirmative defenses without prejudice, provided allowance for appropriate amendment under Rule 15).

**I.      Introduction**

        Plaintiff Somanetics Corporation ("Somanetics") brought this action with the

intent of preserving its monopoly in the U.S. market for non-invasive cerebral oximeters

and in an attempt to drive CAS – its only real competitor – from that market.  As CAS

alleged specifically and clearly in the affirmative defenses and counterclaims that

Somanetics now seeks to strike and/or have dismissed, Somanetics brought this action

knowing that the patents it has sued upon are not infringed, but even if they were, those

patents are invalid and unenforceable.  This is so, in part, because Somanetics acted

inequitably, and in fact committed fraud on the Patent Office, during the prosecution of

U.S. Patent No. 6,615,065 (the "'065 Patent") by failing to disclose to the Patent Office

either (1) material prior art or (2) the fact that its cerebral oximeter protected by the '065

Patent was on sale more than a year before Somanetics filed its patent application.  CAS

specifically identified that prior art – *some of which Somanetics contributed to*, and the

agreement to sell – *which was executed by Somanetics' CEO and the lead inventor*

*named in the '065 Patent*.  Further, Somanetics acted inequitably in its prosecution of

U.S. Patent No. 5,902,235 (the "'235 Patent") by submitting a facially false declaration –

the only declaration Somanetics submitted during the course of prosecuting the '235

Patent.  Thus, CAS's pleadings provide Somanetics with fair notice of CAS's claims and

specifically identify the factual basis for those claims.

        Somanetics' Motion therefore rings hollow and seeks to obfuscate the difference

between CAS's burden of proof at trial and its pleading obligations.  Somanetics cannot

legitimately claim that CAS's pleadings provide insufficient notice of the nature of

CAS's claims and defenses, and their bases.  Somanetics did not and cannot articulate

how the facts CAS alleges do not support a finding of inequitable conduct, patent misuse, and unclean hands, and that Somanetics has committed antitrust violations in bringing this baseless action. Simply put, if CAS meets its burden of proof on the allegations as pleaded, Somanetics' patents will be rendered unenforceable and it will be liable for treble damages. Somanetics' Motion is a transparent attempt to shield its conduct from inquiry, and forestall the day when the sued-on patents are held unenforceable. In light of its clear and specific allegations, CAS has easily met the relevant pleading requirements for each of the challenged affirmative defenses, as well as its antitrust counterclaims.

## II.    CAS's Inequitable Conduct Allegations Are Sufficiently Pleaded And Provide Somanetics with Fair Notice Under FRCP 9(b)—Somanetics' Motion Should be Denied

CAS's allegations of Somanetics' inequitable conduct are pleaded with great specificity, and Somanetics cannot claim that it is left unaware of CAS's claims, the basis of those claims, or the legal significance of the specific information cited by CAS. CAS alleges that Somanetics knowingly and deliberately failed to provide material information, and submitted false information, to the Patent Office. CAS has identified the specific material withheld and the relevance of that material to the patentability of the claimed inventions. CAS has also identified, where possible, who knew of the withheld information. Inequitable conduct is found when: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. Aug. 4, 2009).

2

Federal Rule of Civil Procedure 9(b) requires that inequitable conduct be pleaded with particularity; i.e., identification of "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO . . . [and] sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information . . ., and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-1329. CAS's pleadings readily meet this standard.

CAS alleges that Somanetics committed inequitable conduct by failing to disclose to the Patent Office in the prosecution of the '065 Patent: 1) a distribution agreement for a product embodying the claimed invention entered into more than a year before the patent application (the "Agreement"); 2) a May 1998 article, to which Somanetics contributed, comparing its cerebral oximeter to another cerebral oximeter (the TOS 96) manufactured by a Japanese company that embodied the invention claimed in the '065 Patent (the "Article"); 3) a 1996 article from the proceedings of an international conference describing the TOS 96 (the "IEEE Article"); and 4) the TOS 96 Manual which clearly shows that the TOS 96 embodies the invention claimed by Somanetics in the '065 Patent. Additionally, Somanetics committed inequitable conduct by 5) submitting a false declaration in the prosecution of U.S. Patent No. 5,902,235 (the "'235 Patent"). Each of these five acts of inequitable conduct and/or fraud was sufficiently pleaded, and serves as an independent basis for CAS's inequitable conduct affirmative defenses. Therefore CAS's affirmative defenses should not be stricken.

### 1) The Agreement

CAS sufficiently alleges that Somanetics committed inequitable conduct by

failing to disclose the Agreement, offering for sale Somanetics' INVOS 4100 Cerebral

Oximeter product more than a year before filing the application for the '065 Patent. *See*

*Dippin' Dots, Inc. v. Mosey,* 476 F.3d 1337, 1346 (Fed. Cir. 2007) ("The concealment of

sales information can be particularly egregious because, . . . the examiner has no way of

securing the information on his own.").  CAS has sufficiently pleaded:

- **Who**- Bruce Barrett, signatory of the Agreement, inventor of the '065 Patent, and President and CEO of Somanetics, and the other inventors (Messrs. Gonopolsky and Scheuing) who deliberately failed to disclose the Agreement to the Patent Office.  *See* Answer, Affirmative Defenses and Counterclaims (the "Pleadings"), ¶¶ 16, 20- 21, 26, 28-29;

- **What**- the Agreement is sufficiently identified by its title, parties, and date. *See* the Pleadings, ¶ 21;

- **When**- CAS identified the execution date of the Agreement, and the issue date of two relevant press releases related to the Agreement.  *See* the Pleadings, ¶¶ 21, 23- 24;

- **Where**- CAS identified and quoted material portions of the Agreement offering for sale Somanetics' INVOS 4100 Cerebral Oximeter.  *See* Pleadings, ¶¶ 22, 25, 27; and

- **How**- CAS plainly articulated why a reasonable examiner would consider the Agreement material in determining whether the invention claimed in the '065 Patent is patentable.   *See* Pleadings, ¶¶ 25- 27, 32.

Somanetics argues that CAS failed to "identify which claims of the '065 patent are

allegedly rendered unpatentable by the Agreement, which features of the INVOS 4100

Cerebral Oximeter are relevant to those claims, or how an examiner would apply the

features of the INVOS 4100 Cerebral Oximeter to the claims of the '065 patent." *See*

Brief in Support of Plaintiff's Motion to Strike Defendant's Affirmative Defenses and to

Dismiss Defendant's Antitrust Counterclaims ("Motion"), p. 7[1].  However, CAS

identified which features of the INVOS 4100 Cerebral Oximeter are relevant (*See*

Pleadings, ¶¶ 22, 25, 27) and how a patent examiner would have used the omitted

information (*See* Pleadings, ¶¶ 25- 27, 32).  Although CAS did not identify specific

claims of the '065 Patent that are relevant to the Agreement, Somanetics' arguments are

ridiculous, given that *the Agreement is its own agreement for its own product,* and

Somanetics has claimed that the INVOS 4100, offered for sale more than a year before

the '065 Patent application, is the commercial embodiment of the claimed invention.

Undoubtedly, Somanetics is well aware of the features of its own product, and what

claims of the '065 Patent cover that product.[2]  CAS has provided sufficient notice for

Somanetics to identify the features of its own product, the commercial embodiment of the

INVOS 4100 Cerebral Oximeter, and how those are material to the patentability of the

claims of the '065 Patent.  *See HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL

4363206, *4 (D.D.C. Dec. 3, 2009) (denying motion to dismiss and strike inequitable

conduct allegations that provided sufficient notice by alleging who, where, when, and

how the inventors became aware of the withheld prior art); and *Westerngeco v. Ion*

*Geophysical Corp.*, 2009 WL 3497123, *7 (S.D. Tex. Oct. 28, 2009) (denying motion to

---

[1] Somanetics cites to *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed.
Cir. Aug. 4, 2009) for support throughout its motion; given the relatively recent nature of
the *Exergen* decision there have been very few decisions interpreting the "*Exergen*
pleading standard."

[2] In fact in the reexamination and reissue applications of the '065 Patent, the inventors of
the '065 invention submitted a declaration on April 13, 2009 asserting that the
"conception and actual reduction to practice . . . [is evidenced by] the Operations Manual
for the Somanetics INVOS 4100 Cerebral Oximeter.  This manual shows a description of
the systems and processes that formed our invention . . ."  Declaration Under 37 C.F.R.
§ 1.131, April 13, 2009, submitted in U.S. Patent Application Nos. 90/101,128 and
11/219,298.

dismiss inequitable conduct pleadings because "[w]hat is determinative here is that [the plaintiff] was given fair notice of the basis for [defendant's] inequitable conduct defense" and finding that attaching prior art to the counterclaim sufficiently identified and described the prior art). *See also Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356- 1357 (Fed. Cir. 2007) (holding the inequitable conduct pleading lacked the required "particularity to give notice to the other party of the facts on which the defense is premised").

Moreover, although the Court need not resolve this issue for purposes of the present motion, Somanetics agrees that the Agreement is material to the patentability of the invention claimed in the '065 Patent, since it belatedly disclosed the Agreement in the reexamination and reissue applications of the '065 Patent on April 13, 2009 and attempted to explain why it did not render the invention unpatentable. On July 21, 2009, the Patent Office examiner issued a List of References he considered, which included the Agreement. On that same day, the examiner issued a non-final office action rejecting the claims of the reexamination of the '065 Patent that the claimed invention was anticipated and non-obvious. Although the examiner did not rely on the Agreement in reaching this conclusion, he made no determination one way or the other as to whether the Agreement precluded patentability because of the on-sale bar.

Moreover, "the standard . . . is not whether the particular examiner of the application at issue considered the reference to be important; rather, it is that of a 'reasonable examiner.'" *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1179 (Fed. Cir. 1995) ("the fact that the examiner did not rely on [the reference withheld] to reject the claims under reexamination . . . is not conclusive concerning whether the reference was

material"); *see also Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1357 (Fed. Cir. 2007) (noting that "the PTO [does not have to] actually rely on a prosecution statement or omission in order for that statement to be material in the context of inequitable conduct.").  More importantly, the materiality of the Agreement is a merits issue, not a pleading issue.  *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (Fed. Cir. 2008) (noting the burden of proof which must be met to prove inequitable conduct, including materiality).

### 2) The Article

CAS sufficiently alleges that Somanetics committed inequitable conduct by failing to disclose the Article to which Somanetics contributed which compares Somanetics's INVOS 3100 cerebral oximeter product with another cerebral oximeter, the TOS 96, that embodies the invention Somanetics claimed in the '065 Patent.  CAS has sufficiently pleaded:

- **Who**- Somanetics provided "feedback and stimulating discussions" in the preparation of the Article and the inventors (Messrs. Barrett, Gonopolsky and Scheuing) who deliberately failed to disclose the Article to the Patent Office. *See* the Pleadings, ¶¶ 39- 40, 42-44;

- **What**- the Article and its publication information.  *See* the Pleadings, ¶ 34;

- **When**- the publication date in May 1998.  *See* the Pleadings, ¶ 34;

- **Where**- material portions of the Article evaluating Somanetics's own product and the TOS 96, both cerebral oximeters.  *See* Pleadings, ¶¶ 35- 37; and

- **How**- why a reasonable examiner would consider the Agreement material. *See* Pleadings, ¶¶ 38, 41, 61.

Again, Somanetics weakly argues that CAS failed to identify which claims are disclosed in the Article, where the relevant information is found in the Article, why the Article is not cumulative, or how the examiner would have applied the Article to the claims of the

'065 Patent. *See* Motion, p. 8. CAS identified where the relevant information is found in the Article (*See* Pleadings, ¶¶ 36- 37) and how a patent examiner would have used that information (*See* Pleadings, ¶¶ 38, 41). Fundamentally, by the terms of the '065 Patent, the invention Somanetics claims is a non-invasive cerebral oximeter which measures brain oxygenation of two different regions and displays data from both regions concurrently (*See* Pleadings, ¶ 38). As alleged in CAS's pleading, that is precisely what the TOS 96 does (*See* Pleadings, ¶ 37). Somanetics does not need CAS, for purposes of notice pleading, to explain why a three page article comparing Somanetics' product to a pre-existing product that embodies the invention claimed in the '065 Patent is not cumulative or how the examiner would have applied it. *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D.Mich. 2009) (denying motion to strike inequitable conduct affirmative defense because it was alleged with sufficient particularity and provided notice, as documents incorporated by reference were considered part of the pleadings).

CAS has provided sufficient notice for Somanetics to identify the material information contained in a three page article, to which Somanetics contributed, comparing the Somanetics' product to the TOS 96, and how that prior art is material to the patentability of the claims of the '065 Patent. *See HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL 4363206, *4 (D.D.C. Dec. 3, 2009); and *Westerngeco v. Ion Geophysical Corp.*, 2009 WL 3497123, *7 (S.D. Tex. Oct. 28, 2009). *See also Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356- 1357 (Fed. Cir. 2007) (holding the inequitable conduct pleading lacked the required "particularity to give notice to the other party of the facts on which the defense

is premised," where defendant pleaded only that Plaintiff "failed to disclose all of the relevant prior art known to it" without identifying the prior art allegedly withheld, and further pleaded that Plaintiff sought to mislead the Patent Office through the "manipulation of various measurements and units" without identifying the measures and units allegedly manipulated or how such manipulation was meant to mislead the Patent Office).

Somanetics again confuses pleading requirements with the burden of proof at trial. Knowing that CAS has sufficiently pleaded inequitable conduct with respect to the Article, Somanetics tries to claim that the Article is not even prior art because in the separate reexamination proceeding of the '065 Patent, Somanetics has submitted a declaration "swearing behind" another piece of prior art and declaring a date of invention as early as December 8, 1997. However, this argument does not go to the viability of CAS's pleadings, but instead goes to whether CAS will be able to meet its burden of proof at trial. *See HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL 4363206, *4 (D.D.C. Dec. 3, 2009) (holding that one cannot escape a pleading of inequitable conduct by making arguments that "confuse the burdens of proof at trial with the pleading requirements"). Somanetics cannot deny that, at the time of the prosecution of the '065 Patent, Somanetics was aware of the Article, failed to disclose it to the Patent Office, and provided no declaration "swearing behind" the Article at that time for the Patent Office to decide whether the Article was prior art or not. *See Li Second Family Ltd. Partnership v. Toshiba Corp.*, 231 F.3d 1373, 1380 (Fed. Cir. 2000) (finding inequitable conduct in part because "[i]nformation concealed from the PTO may be material even though it would not invalidate the patent."). *Compare Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed.

9

Cir. 2007) (Although timely disclosed before a final office action, "[t]he essence of the duty of disclosure is to get relevant information before an examiner in time for him to act on it . . .").

Finally, CAS sufficiently pleads facts from which the Court may reasonably infer that Somanetics knew of the Article and nevertheless withheld the Article with the specific intent to deceive the Patent Office. CAS pleads that Somanetics provided feedback and contributed to the Article which compares Somanetics' INVOS 3100 Cerebral Oximeter with the TOS 96 cerebral oximeter, and was therefore aware of the Article (*See* Pleadings, ¶¶ 36- 37, 39- 40, 44). Although Somanetics' intent to deceive the Patent Office was pleaded "on information and belief," this is sufficient, along with the facts pleaded, for the Court to infer intent to deceive. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180- 1181 (Fed. Cir. 1995) ("Generally, intent must be inferred from the facts and circumstances surrounding the applicant's conduct."). *See also HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL 4363206, *4 (D.D.C. Dec. 3, 2009) (finding allegations of intent to deceive on information and belief to be reasonably supported by facts explaining the inventor knew of the prior art because the prior art was referenced in a meeting at least one inventor participated in); and *Synventive Molding Solutions, Inc. v. Husky Injection Molding Systems, Inc.*, 2009 WL 3172740, *3 (D.Vt. Oct. 1, 2009) (finding inference of intent to deceive from allegations of individuals involved, information withheld, and why it was material).

### 3) and 4) The IEEE Article and The TOS 96 Manual

CAS further alleges that Somanetics committed inequitable conduct by failing to disclose the IEEE Article describing the TOS 96 and the TOS 96 Manual, both of which

Somanetics was aware, or should have been aware, because they failed to inquire further

into the TOS 96, and both of which are material prior art precluding issuance of the '065

Patent.  CAS has sufficiently pleaded:

- **Who**- Somanetics and the inventors (Messrs. Barett, Gonopolsky and Scheuing), who were aware of the Article, were also aware of or should have been aware of the IEEE Article and the TOS 96 Manual, and deliberately failed to disclose them to the Patent Office.  *See* the Pleadings, ¶¶ 39- 40, 42, 45, 56-57, 59;

- **What**- the IEEE Article and the TOS 96 Manual.  *See* the Pleadings, ¶¶ 47, 50;

- **When**- the presentation and publication date of the IEEE Article, and the creation and publication of the TOS 96 Manual.  *See* the Pleadings, ¶¶ 47- 48, 50- 52, 54;

- **Where**- material portions of the IEEE Article and the TOS 96 Manual describing the TOS 96 cerebral oximeter of which Somanetics and the inventors were aware from the Article.  *See* Pleadings, ¶¶ 35, 47, 53, 59; and

- **How**- why a reasonable examiner would consider the IEEE Article and the TOS 96 Manual material.   *See* Pleadings, ¶¶ 49, 55, 59- 61.

Somanetics argues that CAS failed to allege facts that connect the IEEE Article or the

TOS 96 Manual to the claims of the '065 Patent.  *See* Motion, p. 16.  This argument is a

dodge: CAS identified what relevant information is found in the IEEE Article and the

TOS 96 Manual (*See* Pleadings, ¶¶ 35, 47, 53, 59) and how a patent examiner would have

used that information (*See* Pleadings, ¶¶ 49, 55, 59-61).  Obviously through Somanetics'

participation in the Article, which compared its INVOS 3100 product with the TOS 96,

Somanetics and the inventors were aware of the functionality of the TOS 96 cerebral

oximeter and the materiality of any prior art concerning the TOS 96 to the patentability of

the invention claimed in the '065 Patent.  The IEEE Article and the TOS 96 Manual, both

of which describe the TOS 96 cerebral oximeter, were published more than a year before

the '065 Patent application date and constitute material prior art. *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D.Mich. 2009) (denying motion to strike inequitable conduct affirmative defense because it was alleged with sufficient particularity and provided notice, as documents incorporated by reference were considered part of the pleadings). CAS's pleadings therefore provide Somanetics with sufficient information to understand CAS's claim and its factual basis. *See HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL 4363206, *4 (D.D.C. Dec. 3, 2009); and *Westerngeco v. Ion Geophysical Corp.*, 2009 WL 3497123, *7 (S.D. Tex. Oct. 28, 2009). *See also Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356- 1357 (Fed. Cir. 2007) (holding the inequitable conduct pleading lacked the required "particularity to give notice to the other party of the facts on which the defense is premised").

### 5) The '235 Patent False Declaration

CAS further alleges that Somanetics committed inequitable conduct by submitting a false declaration in the prosecution of the '235 Patent. Somanetics complains that CAS failed to allege facts identifying "who" submitted the false declaration, "what" was false about the declaration, or "how" the false declaration is material to the patentability of the '235 claims. *See* Motion, p. 17. Somanetics' argument is a red herring – it only submitted one declaration in the prosecution of the '235, and should not be heard to be unable to identify it or understand its contents. *See HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL 4363206, *4 (D.D.C. Dec. 3, 2009); and *Westerngeco v. Ion Geophysical Corp.*, 2009 WL 3497123, *7 (S.D. Tex. Oct. 28, 2009). *See also Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-

12

1357 (Fed. Cir. 2007). *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D.Mich. 2009) (denying motion to strike inequitable conduct affirmative defense because it was alleged with sufficient particularity and provided notice, as documents incorporated by reference were considered part of the pleadings). Since there was only one '235 Declaration dated June 5, 1991 (*See* Pleadings, ¶ 14), the "who" is quite obvious- the inventors who signed the declaration, Gary D. Lewis, Melville C. Stewart, II, and Wayne P. Messing. Presumably, Somanetics will agree that the declaration is false because it claims priority to U.S. Patent No. 4,570,638 ("the '638 Patent"), while the specification of the '235 Patent states only that the '638 Patent is related to the '235 Patent. If the '235 declaration is true, then the '235 Patent expired along with the '638 Patent on March 29, 2009. If that is not Somanetics' contention, then the '235 declaration which claims priority to the '638 Patent is false. *See* Pleadings, ¶¶ 13- 14. Submissions of false declarations have been found to be inequitable conduct which result in the unenforceability of a patent, and that is "how" the false declaration is material to the patentability of the '235 Patent claims. *See Refact Int'l Ltd. v. Lotus Dev. Corp.*, 81 F.3d 1576, 1583 (Fed. Cir. 1996) ("[a]ffidavits are inherently material"); *see also Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1233 (Fed. Cir. 2007) ("A claim for priority is inherently material to patentability because a priority date may determine validity, whether an issue arises in prosecution or later in court challenges to validity").

## III.    CAS Adequately Pleaded an Intent to Deceive the Patent Office

CAS pleads sufficient facts from which the Court may reasonably infer that the inventors knew of the material information withheld from the Patent Office, and withheld that information with the specific intent to deceive the Patent Office. Concerning the

Agreement, CAS pleads that Bruce Barrett, an inventor of the '065 Patent, executed the Agreement for Somanetics, and was therefore aware that it offered to sell the INVOS 4100 Cerebral Oximeter that is covered by the '065 Patent (*See* Pleadings, ¶¶ 20- 22, 25- 28). Concerning the Article, the IEEE Article, and the TOS 96 Manual, CAS pleads that Somanetics and the inventors knew about the Article and the functionality of the TOS 96, and either knew of the IEEE Article and/or the TOS 96 Manual, or deliberately failed to make reasonable inquiry in light of their knowledge of the Article. Concerning the '235 declaration, it need not be pointed out that the inventors swearing the declaration were aware of whether or not they claimed priority to the '638 Patent at the time the declaration was submitted.

Although CAS pleaded the inventors' intent to deceive the Patent Office "on information and belief," this is sufficient, along with the facts pleaded, for the Court to infer an intent to deceive. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180- 1181 (Fed. Cir. 1995) ("Generally, intent must be inferred from the facts and circumstances surrounding the applicant's conduct."). *See also HTC Corp. v. IPCom GMBH & Co., KG*, 2009 WL 4363206, *4 (D.D.C. Dec. 3, 2009) (finding allegations of intent to deceive on information and belief to be reasonably supported by facts explaining the inventor knew of the prior art because the prior art was referenced in a meeting at least one inventor participated in); and *Synventive Molding Solutions, Inc. v. Husky Injection Molding Systems, Inc.*, 2009 WL 3172740, *3 (D.Vt. Oct. 1, 2009) (finding inference of intent to deceive from allegations of individuals involved, information withheld, and why it was material).

IV.   **CAS's *Walker Process* Counterclaim is Sufficiently Pleaded And Provides Somanetics with Fair Notice Under FRCP 9(b)—Somanetics' Motion Should be Denied**

CAS alleges that Somanetics violated the Sherman Act by asserting the '065 Patent, which was obtained through fraud on the Patent Office, against CAS. The factual basis for the fraud on the Patent Office is the same as CAS's basis for its inequitable conduct affirmative defenses. Somanetics argues only that CAS's *Walker Process* counterclaim is not sufficiently pleaded for the same reasons it argues CAS's inequitable conduct affirmative defenses are not properly pleaded. As discussed extensively above in Sections II- III, CAS's pleadings of inequitable conduct were sufficiently pled and CAS's *Walker Process* counterclaim should not be dismissed.

V.   **CAS's Sham Litigation Counterclaim is Sufficiently Pleaded And Provides Somanetics with Fair Notice Under FRCP 8(a)—Somanetics' Motion Should be Denied**

CAS's allegations of sham litigation clearly provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sham litigation is found when: (1) the lawsuit is objectively baseless (i.e. no reasonable litigant could realistically expect success on the merits); and (2) if objectively baseless, the lawsuit is also an attempt to interfere with the business relationships of a competitor." *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60-61 (1993). CAS alleges that Somanetics' lawsuit is objectively baseless because Somanetics asserts the '034 Patent, the '235 Patent, and the '065 Patent, which it knows are invalid, not infringed, and/or unenforceable. Somanetics argues that CAS has not shown any facts illustrating that Somanetics knows the '034 Patent and the '235 Patent are invalid, not infringed, or unenforceable. CAS alleges that the '235 Patent

15

is unenforceable due to inequitable conduct resulting from the submission of a false

declaration, and if this is not the case, then the '235 Patent is unenforceable because it

expired. *See* Pleadings, ¶¶ 13- 14. An examination of CAS's Fore-Sight® monitor and

sensors, which Somanetics undoubtedly undertook prior to bringing suit, would have lead

to the obvious conclusion that they do not infringe the '034 Patent. As discussed, CAS

has sufficiently alleged at least four ways by which the '065 Patent is unenforceable due

to Somanetics's inequitable conduct for failure to disclose material information,

including Somanetics' failure to disclose its offer for sale of the INVOS 4100 cerebral

oximeter more than one year before filing the '065 Patent application, and its knowledge

of having failed to do so as evidenced by its disclosure in the reexamination/reissue of the

'065 Patent. CAS has sufficiently pleaded a "sham litigation" counterclaim which sets

forth facts that make the counterclaim more than plausibly successful on the merits;

therefore Somanetics' motion to dismiss should be denied.

**VI.    CAS's Patent Misuse and Unclean Hands Affirmative Defenses are Sufficiently Pleaded And Provide Somanetics with Fair Notice Under FRCP 8(c)—Somanetics' Motion Should be Denied**

CAS also asserts affirmative defenses of patent misuse and unclean hands. As

required by Federal Rule of Civil Procedure 8(c), CAS has stated each of these defenses

in "short and plain terms" and has sufficiently pleaded them to provide notice to

Somanetics. Since Somanetics is aware of its bad deeds which qualify as patent misuse

or unclean hands, they try to strike these defenses too. Tellingly, Somanetics does not

cite to a single case regarding the pleading standard to be applied for patent misuse and

unclean hands, but merely cites to *Monsanto Co. v. Scruggs* which sets forth what must

be proven by CAS at trial for patent misuse. Although not realleged, CAS has obviously

16

set forth facts of inequitable conduct and antitrust violations that would qualify as patent misuse or unclean hands. *See Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1339 (Fed. Cir. 2006) ("Patent misuse may be found even where there is no antitrust violation, because '[p]atent misuse is . . . a broader wrong than [an] antitrust violation.'"). Somanetics has provided no reason why CAS's affirmative defenses of unclean hands and patent misuse should be stricken. Somanetics motion must therefore be denied. If Somanetics is attempting to rely upon *Bell Atlantic v. Twombley*, it is not applicable. *See First National Ins. Co. of America v. Camps Services, Ltd.*, 2009 WL 22861 (E.D.Mich. Jan. 5, 2009) (Cox, J.) (denying motion to strike affirmative defenses because *Twombley* was inapplicable and adequate notice was provided). No matter what Somanetics' reason, CAS does not have to prove these defenses until trial and has provided sufficient notice.

## VII.    Alternatively, CAS Should be Given the Opportunity to Amend its Pleadings

As demonstrated above, CAS sufficiently pleaded its inequitable conduct, patent misuse and unclean hands affirmative defenses and they should not be stricken. Similarly, CAS sufficiently pleaded its antitrust counterclaims and they should not be dismissed. In the alternative, should the Court determine that CAS's pleading is insufficient, CAS should be given the opportunity to amend its pleadings[3]. In fact, in the case cited by Somanetics in support of its motion to strike, the court allowed the defendant an opportunity to amend its affirmative defenses and cure its pleading deficiencies before the court even considered the motion to strike. *United States v. Quadrini*, 2007 WL 4303213, *3, 6 (E.D. Mich. Dec. 6, 2007) (noting that the Sixth

---

[3] Somanetics provides no argument against allowing CAS the opportunity to amend its pleadings, and baldly asserts without explanation that "this is not a case where CAS's pleading deficiencies can be remedied by amendment." Motion, at p. 3.

Circuit has suggested that striking defenses should be done sparingly). Here, Somanetics offers no compelling reason (because there is none) why CAS should not be given the opportunity to fix a deficient pleading at this early stage if the Court were to determine that the allegations as pleaded fall short of the standard. *See Safeco Ins. Co. of America v. O'Hara Corp.*, 2008 WL 2558015 (E.D.Mich. June 25, 2008) (although striking affirmative defenses without prejudice, provided allowance for appropriate amendment under Rule 15). *Compare Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1357 (Fed. Cir. 2007) (upholding denial of leave to amend the inequitable conduct pleadings where leave to amend was sought three years after the close of discovery and would require the parties to engage in substantial additional discovery).

## VIII.   Conclusion

CAS respectfully requests this Court to deny Somanetics' motion to strike its inequitable conduct, patent misuse, and unclean hands affirmative defenses, and motion to dismiss its antitrust counterclaims.  Alternatively, CAS requests that this Court grant CAS leave to amend any deficient pleadings under Federal Rule of Civil Procedure 15.

Dated: December 31, 2009

*/s/  Homayune A. Ghaussi*
WARNER NORCROSS & JUDD LLP
William R. Jansen (P36688)
Homayune A. Ghaussi (P63028)
2000 Town Center, Suite 2700
Southfield, Michigan 48075
Telephone:  (248) 784-5000
Facsimile:  (248) 784-5005
wjansen@wnj.com
hghaussi@wnj.com

- and -

Edward W. Dunham
Aaron D. Singer
Wiggin and Dana LLP
One Century Tower
New Haven, Connecticut 06508-1832
Telephone:  (203) 498-4400
Facsimile:  (203) 782-2889
edunham@wiggin.com
asinger@wiggin.com

- and -

Laura A. Chubb
450 Lexington Avenue, Suite 3800
New York, New York 10017
Telephone:  (212) 490-1700
Facsimile:  (212) 490-0536
lchubb@wiggin.com

*Attorneys for Defendant*

19

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 31, 2009, I electronically filed the above Brief in

Opposition to Plaintiff's Motion to Strike and Motion to Dismiss with the Clerk of the

Court using the ECF system, which will send notification of such filing to all counsel

registered electronically.

*/s/  Homayune A. Ghaussi*
Homayune A. Ghaussi (P63028)
